MKD/MJM                    00S-164

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, et al., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al. <br><br> Defendants. | No. 03 cv 2958 <br> Judge John W. Darrah <br><br> <u>Consolidated with:</u> <br> 03-cv-2966   03-cv-2998 <br> 03-cv-3162   03-cv-3166 |

## PLAINTIFFS' MOTION FOR DIRECTED JUDGMENT AGAINST THE UNITED STATES OF AMERICA

Plaintiff, EDWARD HOCK, Independent Administrator of the ESTATE OF SHARON HOCK, Deceased, and pursuant to Rule 52 (c) of the Federal Rules of Civil Procedure, moves the Court for a directed judgement as a matter of law in his favor and against defendant, THE UNITED STATES OF AMERICA, as to its affirmative defense as set forth in paragraph (10) of its pleading filed herein and captioned "Affirmative Defense". In support of this Motion, the following is stated:

1. This motion is brought after the close of all evidence.

2. The defendant, THE UNITED STATES OF AMERICA, has asserted certain affirmative defenses to the claim of plaintiff, HOCK, including, inter alia, paragraph (10), which reads as follows:

> "Any alleged liability on the part of Defendant United States, which alleged liability is expressly denied, is barred or reduced by the negligence, gross

liability is expressly denied, is barred or reduced by the negligence, gross negligence, recklessness, willful misconduct, and/or other fault of Plaintiff's decedent."

3. The defendant THE UNITED STATES OF AMERICA, has presented no evidence regarding the conduct of plaintiff's decedent, SHARON HOCK, at or before the occurrence in question was in any way negligent and has offered no evidence suggesting that plaintiff's decedent breached any duty and/or any improper conduct of SHARON HOCK was a proximate cause of the February 8, 2000 crash.

4. The only evidence before the court regarding Sharon Hock's piloting skills is that she was in no way negligent. (See Trial Testimony of Col. William Lawrence).

5. Indeed, the evidence is that Sharon Hock's piloting skills were "exceptional". (See Trial Testimony of Defense expert, Mary Ann Schaffer and Paul Pieri).

4. It is axiomatic that absent evidence, no claim or affirmative defense can be sustained.

6. Pursuant to Rule 52(c), the plaintiff, EDWARD HOCK, Independent Administrator of the ESTATE OF SHARON HOCK, Deceased, respectfully moves that a judgment as a matter of law in his favor be entered on the affirmative defense set forth in paragraph ten (10) of the defendant, THE UNITED STATES OF AMERICA's, Affirmative Defenses, with the Court finding that no evidence of the conduct of plaintiff's decedent, SHARON HOCK, at or immediately prior to the occurrence having been offered, as a matter of law, the damages, if any, to which the plaintiff, EDWARD HOCK, Independent Administrator of the ESTATE OF SHARON HOCK, Deceased, is entitled are not subject to any diminution because of any alleged conduct on the part of SHARON HOCK.

Respectfully Submitted,

s/ Michael K. Demetrio

s/ Michael J. Mathew

---
Attorneys for the Estate of Hock

Michael K. Demetrio
Michael J. Mathew
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiff
33 North Dearborn
Suite 2100
Chicago, Illinois, 60602
(312) 346-3191