MKD/MJM
00S-164

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, et al., ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, et al. ) ) Defendants. ) | No. 03 cv 2959 <br> Judge John W. Darrah <br><br> **Consolidated with:** <br> 03-cv-2966  03-cv-2998 <br> 03-cv-3162  03-cv-3166 |

## PLAINTIFFS' MOTION FOR DIRECTED JUDGMENT AGAINST MIDWEST AIR TRAFFIC CONTROL SERVICE, INC.

Plaintiff, EDWARD HOCK, Independent Administrator of the ESTATE OF SHARON HOCK, Deceased, and pursuant to Rule 52 (c) of the Federal Rules of Civil Procedure, moves the Court for a directed judgement as a matter of law as to defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC.'s counterclaim for contribution. In support of this Motion, the following is stated:

### ARGUMENT

Fed. R. Civ. P. 52(c) allows a court to enter a judgment as a matter of law against a party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue once the party has been fully heard on that issue. Fed. R. Civ. P. 52(c). *Certainteed Corporation v. Williams*, 2006 U.S. Dist. LEXIS 43199 (2006). This motion is now brought after the close of all evidence.

Defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., has filed a counterclaim for contribution, alleging that Sharon Hock was negligent in one of the following ways:

    (a)    failed to operate the Cessna in a safe and reasonable manner,

    (b)    failed to provide an accurate position report to the air traffic control services at Waukegan Regional Airport,

    (c)    failed to see and avoid the Zlin,

    (d)    carelessly and recklessly operated the Cessna in violation of FAR 91.13 so as to endanger others,

    (e)    operated the Cessna in such a close proximity to the Zlin so as to create a collision hazard in violation of FAR 91.111,

    (f)    failed to take appropriate evasive action when she knew, or in the exercise of reasonable care should have known, that the Cessna was in unsafe proximity to the Zlin,

    (g)    failed to engage in reasonable and prudent maneuvers to avoid the blind spots on the Cessna in order to be able to see and avoid other aircraft and hazards in the vicinity,

    (h)    failed to maintain a proper lookout,

    (i)    failed to see and avoid other aircraft,

    (j)    failed to employ prudent piloting techniques, and

    (k)    otherwise failed to safely and properly operate her aircraft in accordance with Federal Aviation Regulations (including 14 C.F.R. 91.13, 91.111, and 91.113).

There has been no proof offered by defendant MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., with respect to these allegations. Plaintiff, therefore, are entitled to a directed judgment on MIDWEST AIR TRAFFIC CONTROL SERVICE, INC.'s counterclaim for contribution.

For these reasons, Plaintiff, EDWARD HOCK, Independent Administrator of the

ESTATE OF SHARON HOCK, Deceased, move for directed judgment as a matter of law on the counterclaim for contribution against MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., pursuant to Federal Rule of Civil Procedure 52(c) and requests that this Court enter an order directing a judgment against defendant MIDWEST AIR TRAFFIC CONTROL SERVICE, INC.'s counterclaim for contribution.

Respectfully Submitted,

s/ Michael K. Demetrio

s/ Michael J. Mathew

_____

Attorneys for the Estate of Hock

Michael K. Demetrio
Michael J. Mathew
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiff
33 North Dearborn
Suite 2100
Chicago, Illinois, 60602
(312) 346-3191