UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, et al., | ) ) ) | No: 03 C 2958 |
| | ) | Judge John W. Darrah |
| Plaintiffs, | ) ) | |
| | ) | *consolidated with* |
| v. | ) ) | No. 03 C 2966 |
| THE UNITED STATES OF AMERICA, | ) ) | No. 03 C 2998 No. 03 C 3162 |
| Defendant. | ) | No. 03 C 3166 |

## MEMORANDUM OPINION AND ORDER

In February 2000, two small airplanes collided midair while approaching the Waukegan Regional Airport ("WRA").[1] Three persons were killed in the collision: Robert Collins and Herman Luscher, the pilot and passenger of a Zlin airplane, respectively; and Sharon Hock, a student pilot and sole occupant of a Cessna airplane. The Zlin aircraft caused property damage when it subsequently crashed into a building housing the Cancer Treatment Centers of America, Midwestern Regional Medical Center ("Midwestern Medical Center"), and Patient First, S.C.

In early 2003, several lawsuits were filed by the estates of those individuals killed in the collision, as well as by parties that were injured and those that received property damage after the Zlin aircraft crashed to the ground. These cases were consolidated, and several parties settled their claims.

---

[1] The background, findings of facts, conclusions of law, and decision are fully set forth in the Court's September 28, 2007, Opinion and Order.

On February 5, 2007, the remaining Plaintiffs and Defendant, Midwest Air Traffic Control Services, Inc. ("Midwest"), filed an agreement between the parties. The agreement provided, in pertinent part, that: (1) the Plaintiffs would obtain an order of non-suit, with prejudice, as to all claims against Gregory Fowler (a Midwest employee and the air traffic controller at the time of the collision); (2) at the commencement of trial, Midwest would enter its declaration, admitting liability in the causes against it; (3) Midwest would tender $999,900 to the Court for distribution at the time of final judgment; (4) Midwest would not be required to appear and present any defense at trial; (5) the agreement was not intended to be a settlement, release, or covenant-not-to-sue between the Plaintiffs and Midwest; (6) the Plaintiffs entered into the agreement with the specific intent to preserve all of their claims and/or theories of liability against the United States; and (7) if entering into the agreement is interpreted by any court to have waived or forfeited any of Plaintiffs' claims and/or theories of liability against the United States, the agreement would be null and void. On February 6, 2007, the remaining claims against Midwest and Fowler were dismissed.

That same day, a bench trial commenced on the claims against the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). After the conclusion of the presentation of evidence in the bench trial, the parties submitted written closing arguments and proposed findings of fact and conclusions of law. On March 8, 2007, the Court entered a Preliminary Order of Partial Findings as to several motions for judgment pursuant to Federal Rule of Civil Procedure 52(c). On September 28, 2007, the Court entered judgment in favor of the United States. In addition, based upon the admission of liability by Midwest Services, Inc., and the March 8, 2007 Preliminary Order of Partial Findings, judgment was entered against Midwest in the amount of $999,900.00.

Subsequently, the Plaintiffs filed a Joint Motion to Amend and Make Additional Findings of Fact and Conclusions of Law and to Amend the Judgment Under Rule 52 and For a New Trial, to Amend/Alter Judgment, and Enter Judgment in Their Favor Under Rule 59.

Rule 52(b) provides that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. P 52(b). Similarly, Rule 59(e) provides that a motion to alter or amend judgment may be filed no later than 10 days after entry of judgment. Fed. R. Civ. P. 59(e). However, motions made pursuant to Rule 52(b) and/or 59(e) are not intended to relitigate old matters or to allow the parties to present new theories of the case. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, these motions are intended to correct manifest errors of law or to present newly discovered evidence. *See Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); *MacSteel Int'l USA Corp. v. Superior Prod. Co.*, 2002 WL 1067248 (N.D. Ill. May 28, 2002); *Evans, Inc. v. Tiffany & Co.*, 416 F. Supp. 224, 244 (N.D. Ill. 1976); *Heck v. Rosenthal Collins Group*, 2000 WL 91896 (N.D. Ill. Jan. 14, 2000).

Plaintiffs first seek to have the Court amend the Opinion and Order further delineating between its findings of fact and conclusions of law. Plaintiff's fail to identify any manifest error of law in the manner in which the Court's Opinion and Order sets out the Court's findings of fact and conclusions of law.

Plaintiffs seek to have the Court amend its Opinion and Order as to its finding that the United States is not responsible for Fowler's negligence. Plaintiffs argue that the Court's findings and conclusions were not supported by the record because Plaintiffs relied not only on the contract between the Federal Aviation Authority ("FAA") and Midwest to establish the FAA's control over

3

Fowler but also on the testimony of several witnesses as to the FAA's control over Fowler. Plaintiffs also argue that the Court improperly found that it was bound by the district court's and the Seventh Circuit Court's decisions in *Alinsky v. United States*, 156 F. Supp. 2d 908, 912 (N.D. Ill. 2001) and *Alinsky v. United States*, 415 F.3d 639, 644 (7th Cir. 2005).

The evidence relied upon by the Court, including the contract between Midwest and the FAA and the testimony of several witnesses, is fully discussed in the Court's Opinion and Order. The Opinion and Order also fully addresses this evidence and Plaintiffs' arguments as to this issue, which are essentially repeated in the present motion. Plaintiffs present no new evidence nor identify a manifest error of law.

Plaintiffs next seek to have the Court add two additional findings of fact and one conclusion of law as to whether the FAA's failure to install a TARDIS (Terminal Automated Radar Display and Information System) was exempt from liability pursuant to the discretionary function exception of the FTCA. The Court's findings of fact and conclusions of law are fully set forth in the Court's Opinion and Order as to this issue. The additional facts and conclusion sought by Plaintiffs do not constitute newly discovered evidence nor demonstrate a manifest error of law.

Plaintiffs also seek to have the Court amend (change) its ruling as to whether the FAA was immune from suit for failing to install TARDIS under the discretionary function of the FTCA. Plaintiffs essentially repeat the arguments made in their written post-trial submissions. These arguments were fully addressed in the Court's Opinion and Order. Plaintiffs do not identify any newly discovered evidence or manifest errors of law.

Plaintiffs seek to have the Court amend its findings and conclusions as to whether the FAA was required to provide the WRA a radar pursuant to the contract between the FAA and Midwest. As with the previous arguments, this argument was fully addressed in the Court's Opinion and Order. Plaintiffs do not identify any newly discovered evidence or manifest errors of law.

Plaintiffs seek to have the Court make a determination of the total amount of damages, to be filed under seal, as to each Plaintiff. In essence, Plaintiffs seek to have the Court determine the amount of damages as to each Plaintiff *had* the Court ruled differently (in Plaintiffs' favor). This is unnecessary in light of the Court's Opinion and Order. Plaintiffs further seek to have the judgment against Midwest vacated because it is unclear if Plaintiffs prevail on appeal that the FAA is responsible for Fowler's negligence, that the total amount of damages is not limited to $999,900. The judgment and amount of judgment against Midwest as set forth in the Court's Opinion and Order was based on the admission of liability and the unopposed March 8, 2007 Preliminary Order of Partial Findings. Plaintiffs fail to identify newly discovered evidence or a manifest error of law.

Based on these same arguments, Plaintiffs alternatively move for a new trial. For the same reasons set forth above, this motion is also denied.

For the foregoing reasons, Plaintiffs' Joint Motion to Amend and Make Additional Findings of Fact and Conclusions of Law and to Amend the Judgment Under Rule 52 and For a New Trial, to Amend/Alter Judgment, and Enter Judgment in Their Favor Under Rule 59 is denied.

Dated: January 4, 2008

JOHN W. DARRAH
United States District Court Judge

5