

**TATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 03 cv 2958 |
| v. | ) | Judge John W. Darrah |
| | ) | |
| THE UNITED STATES OF AMERICA and) MIDWEST AIR TRAFFIC SERVICES, INC., | ) | Consolidated with: |
| | ) | 03-cv-2966 03-cv-2998 |
| Defendants. | ) | 03-cv-3162 03-cv-3166 |

**PLAINTIFFS' JOINT MOTION TO STAY RULING ON DEFENDANT USA'S AMENDED BILL OF COSTS AND PLAINTIFFS' OBJECTIONS TO DEFENDANT USA'S AMENDED BILL OF COSTS**

Now Comes Plaintiff CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, through her attorneys CLIFFORD LAW OFFICES, P.C., Plaintiff RISEô L. BARKHOFF, Individually and as Special Administrator of the Estate of HERMAN F. LUSCHER, Deceased, through her attorneys MOTHERWAY & NAPLETON, Plaintiff EDWARD HOCK, Independent Administrator of the Estate of SHARON HOCK, Deceased, through his attorneys CORBOY & DEMETRIO, P.C., and Plaintiff EMPLOYERS INSURANCE OF WAUSAU, through its attorneys ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP., filing this Joint Motion to Stay Ruling on Defendant USAôs Amended Bill of Costs and Objections to Defendant USAôs Amended Bill of Costs under Federal Rule of Civil Procedure 54(d)(1), and in support state as follows:

1. On September 28, 2007, this Court entered judgment in favor of Defendant USA on Plaintiffsô claims that the FAA caused the deaths of Robert Collins, Sharon Hock, and

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

ed judgment in favor of Plaintiffs on their claims against Midwest, finding that its negligence and the negligence of its employee, Gregory Fowler, caused those deaths.

2. Despite entering judgment against Plaintiffs on their claims against Defendant USA, the Court found that the ñFAA [controlled] the physical conduct of Midwest in the operation of the WRA Tower at the time of the midair collision.ò (DE #187, at 31).

3. The Court also found that the ñFAA was negligent in failing to install a TARDIS at WRA before February 8, 2000.ò The Court recognized that ñ[t]he FAA has a duty to ensure the safety of flight, including the efficient utilization of navigable airspace and the separation and prevention of collisions between aircraftò but that it ñbreached its duty by failing to install a TARDIS prior to February 8, 2000.ò The Court held that this failure ñdirectly and proximately contributed to the midair collision on February 8, 2000.ò (DE #187, at 32-3).

4. Despite these findings, the Court found that the Seventh Circuitôs ruling in Alinsky forestalled a finding that Defendant USA was liable for Midwestôs negligence and that Defendant USA was immune from liability for failing to install a TARDIS at WRA under the discretionary function exception to the Federal Tort Claims Act. (DE #187, at 31-2, 45-6).

5. On October 15, 2007, Plaintiffs filed a Joint Motion to Amend and Make Additional Findings of Fact and Conclusions of Law and to Amend the Judgment Under Rule 52 and for a New Trial, to Amend/Alter Judgment, and Enter Judgment in their Favor Under Rule 59. (DE #182). That motion was denied on January 4, 2008. Plaintiffs filed a Notice of Appeal on February 8, 2008.

PDF Complete
Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

efendant USA filed a Bill of Costs, seeking $62,432.78. (DE #187). In light of their post-trial motions, Plaintiffs sought a stay of any ruling and also objected to such costs. Pursuant to the Courtôs February 20, 2008 Order, on March 20, 2008, Defendant USA filed an Amended Bill of Costs, now seeking $56,137.82.

7. In light of the above-pending appeal filed by Plaintiffs, Plaintiffs respectfully request that this Court stay any ruling or decision on Defendant USAôs Amended Bill of Costs.

8. Alternatively, Plaintiffs object to Defendant USAôs Amended Bill of Costs for several reasons. A prevailing party can recoup certain costs pursuant to Fed. R. Civ. P 54(d). Recoverable costs include fees of the clerk, fees for transcripts, fees for printing and witnesses, fees for copies of papers necessarily obtained for use in the case, docket fees, and compensation of court-appointed experts and interpreters. <u>See</u> 28 U.S.C. § 1920. Though there is a strong presumption favoring the award of costs to the prevailing party, the district court has discretion to deny them if there are good reasons to do so. <u>See</u> <u>Weeks v. Samsung Heavy Indus. Co.</u>, 126 F.3d 926, 945 (7th Cir. 1997). Moreover, it is within the district courtôs discretion to determine which costs Defendant seeks fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. <u>Robinson v. Alter Barge Line, Inc.</u>, No. 05-cv-665-DRH, 2007 WL 3145044 (S.D. Ill. Oct. 25, 2007) (citing <u>State of Ill. v. Sangame Construction Co.</u>, 657 F.2d 855, 863-64 (7th Cir. 1981)).

9. First, Defendant USA was not a ñprevailing party.ò <u>See, e.g.,</u> <u>Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.</u>, 532 U.S. 598, 600 (2001) (stating that a party is not a ñprevailing partyò simply because it has achieved its desired result). Though this Court entered judgment in its favor, the Court found that the FAA was negligent and

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

nately caused the deaths of three people. Moreover, the evidence in this case demonstrated that the FAAǒs bases for deciding which airport would or would not receive a TARDIS was either political favoritism or as a reaction to a midair collision. This Court also found that the FAA controlled the (negligent) conduct of Midwest and Fowler at the time of the midair crash. Judgment was entered in favor of Defendant USA only due to this Courtǒs reading of Alinsky and its interpretation of the scope of the discretionary function immunity provision. Simply because judgment was entered in its favor, however, does not render Defendant USA a ǲprevailing party.ǳ See XCO Intǒl, Inc. v. Pacific Scientific Co., No. 01C6851, 2003 WL 2006595, at *11 (N.D. Ill. 2003) (finding the defendant, in whose favor judgment was entered, was not a prevailing party where the court found that the defendant breached the contract but where the court was unable to award damages because it found that the liquidated damages clause was unenforceable).

Moreover, Plaintiffs did prevail against Defendant Midwest. In mixed-result cases, the court has broad discretion to have each party bear their own costs. Goldsmith v. Chicago Police Officers, No. 02C5777, 2005 WL 442230, at *3 (N.D. Ill. Feb. 22, 2005) (citing Testa v. Village of Mundelein, Illinois, 89 F.3d 443, 447 (7th Cir. 1996)). As this Court knows, Defendants Midwest and USA shared many of the same defense theories and, indeed, many of the same experts. Thus, because of the mixed results in this case, this Court should reject Defendant USAǒs Amended Bill of Costs.

10. Second, even if Defendant USA was a ǲprevailing partyǳ under Rule 54, the facts and findings set forth above in Paragraph 9 demonstrate ǲgood reasonsǳ for this Court to exercise its discretion and deny its Amended Bill of Costs. This Court found that the FAA ignored its

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

etermining which airports would obtain a TARDIS based not on that airportôs need for one, but upon political kowtowing. This Court also found that the FAAôs negligence caused the deaths of Robert Collins, Sharon Hock, and Herman Luscher. Defendant USA should not be permitted to recoup litigation costs that it allegedly incurred from the litigation that established such facts. See Muller v. United States, 811 F. Supp. 328 (N.D. Ohio 1992) (denying the Governmentôs request for taxation of costs that it incurred in defending a claim brought under the Federal Tort Claims Act where the assessment of costs ñwould be unduly burdensome to the plaintiff and only of nominal benefit to the government,ò the plaintiffôs ñclaim was neither frivolous nor vexatious,ò the plaintiff ñpresented several close issues of fact and law,ò and the imposition of costs ñmight tend to inhibit future claimants who are similarly situated from pursuing otherwise colorable claims against the United Statesò); see also Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964) (noting that courts should be aware of the possible inhibitive effect that the imposition of costs might have on future litigants, who may thereby be discouraged from bringing suit, ñno matter how meritorious they might in good faith believe their claims to beò) (disapproved on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987)).

11. Third, Defendant USAôs Amended Bill of Costs does not comply with the standards set forth in under 28 U.S.C. § 1821 or 28 U.S.C. § 1920. For instance, it seeks $45,095.74 for ñ[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.ò In order for such costs to be recoverable, the transcripts must be ñreasonably necessaryò for use in the case. Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993). Defendant USA makes no attempt to show that any of the transcripts were ñreasonably

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

ere taken.

12. Fourth, Defendant USA claims $5,190.04 for ñ[f]ees for exemplification and copies of papers necessarily obtained for use in the case.ò It is well-established, however, that while a party may recover costs of copies provided to the court and opposing counsel, ñit cannot recover costs of copies for its own use.ò Sharp v. United Airlines, 197 F.R.D. 361, 362 (N.D. Ill. 2000); Mihailovich v. Laatsch, No. 00C4780, 2002 WL 91897, at *3 (N.D. Ill. Jan. 24, 2002). Defendant USA has not distinguished those copying costs that were incurred for copies given to the court and Plaintiffs with those costs that were incurred for its own use. Therefore, this Court should deny those costs. See XCO Intõl, 2003 WL 2006595 at *8 (ñCopying charges that are not discernable from the supporting documentation are not allowedò) (citations omitted); Mihailovich, 2002 WL 91897 at *3 (denying the defendantõs request for copying costs where it could ñnot be determined whether the copies were reasonably necessary for use in the case, how many pages were copied, or whether the cost of the copies were reasonableò).

13. Fifth, as Defendant USA has recently conceded, its Amended Bill of Cost contains an accounting error that should reduce the amount requested by $8,772.86. Specifically, No. 48 of the Addendum to the Amended Bill of Costs (p. 5) seeks ñ$17,724.11 for video deposition transcripts submitted to chambers as part of United Statesô post-trial filings.ò However, the supporting documentation for this purported cost (p. 80) shows that it seeks the same $8,772.86 requested in No. 47. Thus, although it should be awarded nothing for the above-stated reasons, at most, Defendant USA now seeks a total of $47,364.96.

14. In any event ï and in addition to the reasons addressed above ï the purported costs identified in Nos. 47 and 48 of the Addendum to the Amended Bill of Costs (p. 5) should

PDF Complete
Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

as failed to explain how such expenses are appropriately recoverable pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Indeed, No. 48 appears to represent costs incurred *after* the conclusion of trial and were not requested by the Court.

WHEREFORE Plaintiffs respectfully request that this Court stay any decision on Defendant USAôs Amended Bill of Costs or, in the alternative, sustain their objections and disallow Defendant USAôs Amended Bill of Costs in part or in its entirety.

Respectfully submitted,

s/ Robert A. Clifford
s/ Kevin P. Durkin
s/ Michael S. Krzak
s/ Colin H. Dunn
Attorney for the Estate of Robert Collins

s/ Michael K. Demetrio (with permission)
Attorney for the Estate of Sharon Hock

s/ Nicholas J. Motherway (with permission)
s/ Daniel T. Madigan (with permission)
Attorney for the Estate of Herman Luscher

s/ Mark J. Feinberg (with permission)
s/ Troy J. Seibert (with permission)
Attorney for Employers Insurance of Wausau

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2008, I electronically filed **PLAINTIFFS' JOINT MOTION TO STAY RULING ON DEFENDANT USA'S AMENDED BILL OF COSTS AND PLAINTIFFS' OBJECTIONS TO DEFENDANT USA'S AMENDED BILL OF COSTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Michael Kelly Demetrio mkd@corboydemetrio.com

Kevin P. Durkin kpd@cliffordlaw.com

Colin H. Dunn chd@cliffordlaw.com

Mark J. Feinberg mfeinber@zelle.com

Brandt Randall Madsen brmadsen@vfrlitigation.com

Nicholas J. Motherway nmotherway@mnlawoffice.com

Steven J. Reigel steven.riegel@usdoj.gov

Jill Dahlmann Rosa jill.rosa@usdoj.gov

Notice has been delivered by other means to:

Fred J. Meier
Winstead, Sechrest and Minick
5400 Renaissance Tower
1201 Elm Street
Suite 5400
Dallas, TX 75270