UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, et al., | ) ) ) ) ) ) ) ) ) ) ) ) | No: 03 C 2958 |
| | | Judge John W. Darrah |
| Plaintiffs, | | |
| | | *Consolidated with* |
| v. | | |
| | | No. 03 C 2966 |
| THE UNITED STATES OF AMERICA, | | No. 03 C 2998 |
| | | No. 03 C 3162 |
| Defendant. | | No. 03 C 3166 |

## MEMORANDUM OPINION AND ORDER

In February 2000, two small airplanes collided midair while approaching the Waukegan Regional Airport ("WRA").[1] Three persons were killed in the collision: Robert Collins and Herman Luscher, the pilot and passenger of a Zlin airplane, respectively; and Sharon Hock, a student pilot and sole occupant of a Cessna airplane. The Zlin aircraft caused property damage when it subsequently crashed into a building housing the Cancer Treatment Centers of America, Midwestern Regional Medical Center ("Midwestern Medical Center"), and Patient First, S.C.

In early 2003, several lawsuits were filed by the estates of those individuals killed in the collision, as well as by parties that were injured and those that received property damage after the Zlin aircraft crashed to the ground. These cases were consolidated; and all parties, except the United States and Midwest Air Traffic Control Services, Inc. ("Midwest"), settled their claims. Following a bench trial on the claims against the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), judgment was entered in favor of the United States and

---

[1] The background, findings of facts, conclusions of law, and decision are fully set forth in the Court's September 28, 2007 Opinion and Order.

in favor of Plaintiffs on their claims against Midwest (pursuant to an agreement between the Plaintiffs and Midwest). Plaintiffs have appealed the Court's Opinion and Order. Presently before the Court is the United States' Amended Bill of Costs and Plaintiffs' Joint Motion to Stay Ruling on Defendant's Bill of Costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. Generally, only misconduct by the prevailing party that is worthy of a penalty, such as calling unnecessary witnesses, raising unnecessary issues or otherwise unnecessarily prolonging the proceedings, will suffice to justify the denial of costs. *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (*Touche*).

Plaintiffs seek to stay a ruling on the Bill of Costs until the Seventh Circuit decides the pending appeal. The Court may award costs while a case is on appeal, and an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir. 1980); *Baldauf v. Davidson*, 04 C 1571, 2008 WL 711703 (S.D. Ind. March 14, 2008) (denying motion to stay ruling on bill of

costs pending appeal); *Aebischer v. Stryker Corp.*, 05 C 2121, 2007 WL 1668065 (C.D. Ill. June 8, 2007) (same). Accordingly, Plaintiffs' Joint Motion to Stay Ruling on Defendant's Bill of Costs is denied.

Plaintiffs next argue that costs should be denied because, although judgment was entered in favor of the United States, the United States should not be considered a "prevailing party." The "prevailing party" is "the party in whose favor judgment has been entered."
*Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 446 (7th Cir. 2007) (*Republic*) (quoting Moore's Federal Practice § 54.101[3] (3rd e. 2006)). Thus, the award of costs does "not depend on who wins the various battles preceding final judgment"; instead, it is based on whose favor judgment was entered. *Republic*, 481 F.3d at 446. Final judgment was entered in the United States' favor as to all claims against the United States; therefore, the United States is a prevailing party.

Plaintiffs also argue that each party should bear their own costs because Plaintiffs did prevail against Midwest, resulting in a "mixed-result" case. However, judgment was entered in the United States' favor on all claims; and the United States only seeks costs as to its defense of claims by the Plaintiffs – not on Midwest's defense to Plaintiffs' claims against Midwest. Thus, as to the United States, this was not a "mixed-result" case.

Plaintiffs also argue that the Court should deny costs because the Court's findings related to the Federal Aviation Authority's ("FAA") negligence and failure to insure the safety of the public at the WRA by not installing a TARDIS (Terminal Automated Radar Display and Information System) constitute "good reasons" to deny the Bill of Costs. Throughout the litigation, the United States denied liability based on certain defenses of which proved meritorious. The

United States did not engage in any activity worthy of the penalty of denying its costs. *See Touche*, 854 F.2d at 222.

The United States seeks a total of $45,095.74 in court reporter, deposition, and transcription costs. The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

The United States has provided the invoices for the deposition costs for which it seeks reimbursement. A review of the invoices demonstrates that the transcripts for the multiple potential witnesses were reasonably necessary, and the amount of fees requested for the invoices have been calculated based on the established rate of the Judicial Conference; and miscellaneous costs that are not recoverable (shipping, handling, "mini-scripts") are not being sought. Thus, these costs are awarded. The United States is awarded a total of $45,095.74 for these depositions.

The United States seeks a total of $5,852.04 in witness fees. Non-party witnesses and normal travel expenses are taxable pursuant to Section 1920(3) and L.R. 54.1. *See Vardon Golf Co. v. Kartsen Mfg. Corp.*, 2003 WL 1720066 (N.D. Ill. March 31, 2003). The witness fees sought include airfare and lodging, meals, and mileage at the United States' per diem rate for Chicago, Illinois. The witness fees sought are reasonable and are recoverable. The United States is awarded $5,852.04 in witness fees.

The United States seeks a total of $5,190.04 in copying costs. Copies of documents attributable to production of discovery and of pleadings are recoverable. The copying cost must be reasonable; and, generally, a party may recover the costs associated with one copy of discovery

production documents and two copies of pleading documents. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *Baxter Int'l, Inc. v. McGaw, Inc.*, 1998 WL 102668 (N.D. Ill. March 3, 1998) (*Baxter*). Copies for a party's own use and correspondence are generally not recoverable. *See Kelleher v. Solopak Pharmaceuticals, Inc.*, 1997 WL 754032 (N.D. Ill. Nov. 19, 1997). The party seeking costs must provide sufficient information for the court to determine the necessity and reasonableness of the costs sought. *See Baxter*, 1998 WL 102668 at *1. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000).

The United States has provided invoices from copying service vendors that include the total number of copies and the charged rate per page. However, the types of documents that were copied (with the exception of the invoice for one of the Plaintiffs' medical records) and the number of copies for each document are not included. Thus, the Court is unable to determine if the charges for the copies are properly recoverable nor the reasonableness of these costs. Accordingly, the United States may only recover the copying charges for one of the Plaintiffs' medical records of which the costs are discernable, in the amount of $139.80.

For the foregoing reasons, Plaintiffs' Joint Motion to Stay Ruling on Defendant's Bill of Costs is denied; and the United States' Bill of Costs is granted in part and denied in part. The United States is awarded a total of $51,087.58 on its Bill of Costs.

Dated: April 24, 2008

JOHN W. DARRAH
United States District Court Judge